# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CHARLES L. HICKEY, SR.,
SUSAN HICKEY, and
THE ESTATE OF JENNIFER MAKEPEACE,

    Plaintiffs,

v.

THE ESTATE OF JEFF MAKEPEACE,
for JEFF MAKEPEACE individually,
and in his official capacity as President and Sole Shareholder of Lind's Plumbing and Heating, Inc., a Colorado corporation now dissolved,

    Defendant.

## COMPLAINT

**TO THE HONORABLE JUSDE OF SAID COURT:**

COME NOW the Plaintiffs, by and through their counsel, Denise L. Kaup of Saathoff Law Office, P.C., and for their Complaint in Wrongful Death state and allege as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff Charles L. Hickey, Sr. is a natural person, and citizen and resident of Fontana, California.

2. Plaintiff Susan Hickey. is a natural person, and citizen and resident of Fontana, California.

3. At all times pertinent hereto, Plaintiffs Charles L. Hickey, Sr., and Susan Hickey were husband and wife, and the natural parents of Jennifer Makepeace who died September 15, 2017.

4. Plaintiff Estate of Jennifer Makepeace, is a Colorado Estate, filed in the District Court of Larimer County, Colorado, at 17 PR 30571, with Charles L. Hickey, Jr. as Personal Representative, a citizen and resident of Denver, Colorado.

5. Defendant Estate of Jeff Makepeace, is a Colorado Estate, filed in the District Court of Larimer County, Colorado, at 17 PR 30570, with Charles L. Hickey, Jr. as Personal Representative, a citizen and resident of Denver, Colorado.

6. Jeff Makepeace died September 15, 2017, a domiciliary of Larimer County, Colorado.

7. Jeff Makepeace was the president and sole shareholder of Lind's Plumbing and Heating, Inc., a Colorado corporation active at the time of the wrongful deaths claimed herein, but now dissolved.

8. This matter arises as a result of the deaths of Jennifer Makepeace, and her children, Addison Makepeace and Benjamin Makepeace, who all died September 15, 2017, as the result of a crash of a private airplane owned by the now dissolved Lind's Plumbing and Heating, Inc., and piloted by Jeff Makepeace, as sole shareholder of Lind's Plumbing and Heating, Inc.

9. The situs of the crash of the private airplane giving rise to this action was Garfield County, Colorado, located within the jurisdiction of the United States District Court for the District of Colorado.

10. This Court has jurisdiction over the parties pursuant to 28 USCS §1332 because the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because the parties are/were citizens of different States.

11. Venue is proper in the pursuant to 28 USCS §1391 in that the crash of the private airplane giving rise to the claims herein occurred within the judicial district for the United States District Court for the District of Colorado.

## General Allegations

12. All paragraphs previously set forth herein are incorporated by reference.

13. On Friday, September 15, 2017, Defendant Jeff Makepeace piloted the private airplane identified as a 2007 Cirrus SR 22, N462SR, on a flight from Fort Collins, Colorado, slated for Moab, Utah.

14. Defendant Jeff Makepeace was traveling for the purpose of conferring with a consultant regarding the business of Lind's Plumbing and Heating, Inc.

15. Defendant Jeff Makepeace had passengers comprising his immediate family: Spouse, Jennifer Makepeace, and children Addison Makepeace and Benjamin Makepeace.
16. Jennifer Makepeace, Addison Makepeace and Benjamin Makepeace were travelling for personal purposes, and not for the business of Lind's Plumbing and Heating, Inc.
17. Jeff Makepeace was not instrument rated.
18. The flight path of the airplane encountered heavy clouds which impaired the visual acuity of Jeff Makepeace.
19. Pilotal error on the part of Jeff Makepeace who could not see though the clouds, and was not rated to fly by instruments alone, caused the private airplane to crash into the mountainside in Garfield County at approximately 8:15 p.m.
20. The crash of the private airplane caused the airplane to break into pieces and catch fire, ejecting and killing everyone on board.

### First Cause of Action – Wrongful Death

21. All paragraphs previously set forth herein are incorporated by reference.
22. Jeff Makepeace breached the duty of care which a reasonable pilot should exercise toward the passengers of the airplane
23. As a direct and proximate result of Jeff Makpeace's negligent operation of a private airplane, Jeff Makepeace caused the crash that killed Jennifer Makepeace, Addison Makepeace and Benjamin Makepeace.
24. Jeff Makepeace operated the private airplane heedlessly, recklessly, and without regard to the consequences or the safety of others.
25. Jeff Makepeace's negligent operation of the private airplane directly and proximately caused the crash, and the deaths, damages, and losses set forth below.
26. As a result of the crash of the private airplane, the Plaintiffs' economic damages for funeral expenses, and other amounts Jennifer Makepeace might reasonably have expected to receive for herself and from her children had

Jennifer Makepeace, Addison Makepeace and/or Benjamin Makepeace survived the crash of the private airplane.

27. Jennifer Makepeace was forty-five years of age, in excellent health, with a long life-expectancy and the ability to earn money, and to care for, nurture and enjoy the lives of Addison Makepeace and Benjamin Makepeace, had they survived.

28. Addison Makepeace was ten years of age, in excellent health, with a long life-expectancy and the ability to work in the family business to help provide for the future of Jennifer Makepeace.

29. Benjamin Makepeace was ten years of age, in excellent health, with a long life-expectancy and the ability to work in the family business to help provide for the future of Jennifer Makepeace.

30. Neither Plaintiffs, nor Jennifer Makepeace, Addison Makepeace or Benjamin Makepeace were comparatively or contributorily negligent in the crash of the private airplane.

31. Plaintiffs have the statutory right to make a wrongful death claim for Jennifer Makepeace, who was not survived by spouse or children.

32. Plaintiffs have the statutory right on behalf of Jennifer Makepeace to make wrongful death claims for Addison Makepeace and Benjamin Makepeace.

33. Plaintiffs have in their own right suffered noneconomic losses for past and future grief, loss of companionship, impairment of the quality of life, inconvenience, and emotional stress a plaintiff, and all those a plaintiff may represent, has experienced and will experience.

## Second Cause of Action – Negligence Per Se

34. All paragraphs previously set forth herein are incorporated by reference.

35. Jeff Makepeace is negligent per se for operating a private airplane without visual acuity due to dense cloud cover, and without instrument rating.

36. As a direct and proximate result of Defendant Jeff Makepeace's negligence, Plaintiffs sustained the injuries, and damages, and losses as set forth above.

## **Prayer for Relief**

WHEREFORE, Plaintiffs request that judgment be entered in favor of the Plaintiffs and against the Defendant, in an amount to fairly compensate the Plaintiffs for the injuries as set forth above, court costs, expert witness fees, statutory interest from the date of the incident when the causes of action set forth above accrued, or as otherwise permitted under Colorado law, and for such other and further relief as this Court deems just and proper:

A. An amount which will reasonably compensate the Plaintiffs for any past, present and future economic losses;

B. An amount which will reasonably compensate the Plaintiffs for funeral costs;

C. An amount which will reasonably compensate the Plaintiffs for any past and future grief, loss of companionship, impairment of the quality of life, inconvenience, and emotional stress; and

D. Interest as provided by Statute from the date of the crash of the airplane which forms the basis of the Complaint to the date of judgment, and for costs and fees incurred in the prosecution of this matter.

Respectfully submitted this 12th day of September, 2019,

s/ Denise L. Kaup
**Denise L. Kaup # Colorado 20969**
Saathoff Law Office, P.C.
205 S. Exeter, P.O. Box 226
Malcolm, Nebraska 68402-0226
Telephone/Fax: (402) 796-2086
Cell Phone: (402) 580-2788
E-mail: Saathoff Law Office, P.C.
Attorney for Plaintiffs Charles L. Hickey, Sr., Susan Hickey, and the Estate of Jennifer Makepeace